**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Henry F. Steward, III and Cicely A. Bibbs, | ) | Civil Action No.:   3:21-cv-02765-MGL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

Plaintiffs, by and through their undersigned counsel, complaining of the Defendant, hereby allege as follows:

**PARTIES AND JURISDICTION**

1.     These claims concern the substandard medical care provided to Decedent by agents, servants, and employees of William Jennings Bryan Dorn VA Medical Center in Columbia, South Carolina ("Dorn VAMC").

2.     Plaintiff Henry F. Steward, III (hereinafter "Mr. Steward") brings his claim for injuries and damages sustained from substandard medical care rendered to him by agents and/or employees of the United States of America (hereinafter "USA") and its agents.  Plaintiff Cicely A. Bibbs (hereinafter "Ms. Bibbs) brings her claim for loss of consortium against the USA for injuries and damages Mr. Steward sustained from substandard medical care rendered to him by agents and/or employees of the USA, agents.   At all times relevant to this Complaint, both Plaintiffs were citizens and residents of Richland County, South Carolina.

3.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq. and 28 U.S.C. § 1346(b)(1), for money damages as compensation for injuries and damages

suffered by Plaintiffs. As further described herein, these damages were caused by the acts of Defendants, their employees, servants, and/or agents. The employees, servants, and agents of the USA were working at different veterans' administration medical facilities, including, but not limited to, the William Jennings Bryan Dorn VA Medical Center (hereinafter "Dorn" or "Dorn VA") located in Richland County, South Carolina.

4.      Venue is proper in this Court in that all, or a substantial part, of the acts and/or omissions forming the basis of these claims occurred in the District of South Carolina, Columbia Division. In addition, the claims in this action arose in part from acts of the USA through its employees, servants, and agents acting within the course and scope of their employment with the Department of Veteran Affairs at different medical facilities in the State of South Carolina, including in Columbia, South Carolina.

5.      Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims act by giving formal written notice to the USA through the filing of a Form 95 with the Department of Veteran Affairs on December 10, 2020.

6.      Six months has passed since the filing of the Form 95 and though there has been no official denial of Plaintiff's claim and suit is being filed since there has been no official denial or resolution of Plaintiff's Form 95 claim.

7.      An affidavit from a qualified medical expert in regard to Defendant is being contemporaneously filed with this Complaint. The affidavit sets forth certain breaches of the standard of care by Defendant, their agents and/or employees. Neither the affidavit, nor the allegations contained herein, are an all-inclusive list of negligence which will be attributed to Defendant, their agents and/or employees. Additionally, the type(s) and or description(s) of damages to Plaintiffs, as described herein, are/is not an all-inclusive list of damages suffered by them.

## FACTUAL ALLEGATIONS

8.    On October 2, 2015, Mr. Steward was treated at Wm. Jennings Bryan Dorn VA Medical Center ("Dorn VAMC") in Columbia, South Carolina with complaints of a mass on the right side of his jaw causing swelling and pain.

9.    A CT scan of the neck soft tissue was performed on October 2, 2015, during his ER visit.  The reason for the CT scan was listed as neck mass.

10.    Mr. Steward was told his mass was due to dental issues and was prescribed antibiotics.

11.    Mr. Steward was discharged the same day and was scheduled to consult with otolaryngology on October 16, 2015, regarding the mass.

12.    Mr. Steward returned to Dorn VAMC on October 16, 2015, and he was seen in the otolaryngology office by Judith Brooks, APN for his right neck mass.

13.    He was again placed on antibiotics and was not given a follow up appointment.

14.    Mr. Steward was not seen or treated by any medical providers for the mass until 2018.

15.    On July 31, 2018, Mr. Steward returned to Dorn VAMC Emergency Department again complaining of a right-sided mass on his jaw accompanied with pain and swelling.

16.    While at the VA, a CT scan of the neck soft tissue with contrast was performed on July 31, 2018.

17.    The ER physician noted the large neoplastic neck mass as evidenced on imaging performed in the ER a week prior and contacted the otolaryngologist, Dr. James R. Wells.

18.    Mr. Steward was seen by Dr. James R. Wells in the otolaryngology clinic the following day.  The medical record notes that Mr. Steward said he complained of the same thing three years ago.

19.     Dr. Wells did not review the CT scan performed on July 31, 2018, nor the results of the CT scan performed on October 5, 2015, with Mr. Steward.  Dr. Wells prescribed more antibiotics and did not schedule Mr. Steward for any follow-up visits.

20.     Under Impression of the CT report, it reads "large neoplastic mass, confluent with the right sternocleidomastoid muscle, at the right lateral aspect of the mid-portion of the neck. This represents a change from the CT scan of 10/2/15."

21.     Under Primary Diagnostic Code of the CT report (dated July 31, 2018), it reads, "ABNORMAL MALIGNANCY."

22.     Mr. Steward returned to Dorn VAMC and was seen again by Dr. James Wells.  Dr. Wells prescribed an antibiotic (Rocephin) and discharged him with no follow-up care scheduled or recommendations.  He was told it was most likely a tooth infection.

23.     Mr. Steward again returned to Dorn VAMC on February 25, 2019, with the same complaints, actually worsening, of the right-sided mass.

24.     The VA chart under Plan/Instructions says, "Discussed with Dr. McKee for ENT. Reviewed ongoing history.  He commends Augmentin and follow up with ENT clinic."

25.     On May 29, 2019, Mr. Steward was again seen by Dr. James Wells at the Dorn VA ENT clinic.  A fine needle aspiration of the mass was performed.  The results are not in the chart provided to counsel for the Plaintiffs.

26.     On June 3, 2019, Mr. Steward had a biopsy performed on his right tonsil and pharynx, which eventually revealed a diagnosis of stage 4 squamous cell cancer.

27.     Mr. Steward had to undergo rigorous chemotherapy and radiation treatments due to the mis-diagnosis of the staff at Dorn VA.

28.    William Jennings Bryan Dorn VA Medical Center and Dorn VA ENT clinic, through their agents, servants and/or employees, failed to provide adequate medical care which resulted in a substantial delay in the diagnosis of Mr. Steward's squamous cell cancer.

29.    Had the proper follow-up and testing been performed on Mr. Steward, starting as early as October 2015, he would have been diagnosed with the malignant tumor in his mandible earlier.

30.    Mr. Steward has had to undergo additional surgery on his jaw, including maxillofacial reconstructive surgery and will most likely need additional surgeries to offer some semblance of a decent quality of life.

31.    The injuries to Plaintiff were the direct and proximate result of and were caused and occasioned by Defendant's  negligence, carelessness, recklessness, willfulness, and wantonness, in failing to possess and exercise that degree of medical training, competency, and skill ordinarily and customarily possessed and exercised by physicians and hospital staff under similar circumstances and thereby rendered inappropriate medical care to Plaintiff by deviating from and falling below the prevailing and acceptable standards of care in one or more of the following particulars:

a.    In failing to timely recognize, treat, and appreciate Mr. Steward's neck mass from October 2015 through June of 2019; and

b.    In failing in such other ways as may be shown at the trial of this case.

Attached hereto as **Exhibit A** is the affidavit of a qualified expert who will testify to one or more deviations from the standard of care.

32.    As a direct and proximate results of the acts and/or omissions of Defendant, Plaintiff did not receive proper treatment for his illness in a timely fashion.  Plaintiff's condition was completely treatable and with proper, standard of care medicine, Plaintiff would not have

suffered the pain, indignity, and bodily harm, nor incurred the medical expenses which he did as a result of Defendants' failures to timely and properly diagnose and properly treat Plaintiff's condition.

## FOR A FIRST CAUSE OF ACTION
### (Medical Malpractice)

33.     Plaintiff hereby incorporates by reference and re-alleges every allegation in Paragraphs 1 – 32 of this Complaint as if fully set forth herein.

34.     As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness and departure from the professional standards of care by Defendants, a life threatening cancerous mass was went untreated for almost 4 years allowing it to grow and spread to other areas of Plaintiff's body which led to extensive chemotherapy, horrific pain and suffering, malformities in his face and jaw, extensive medical bills, and lost wages.  Plaintiff suffered from severe, debilitating injuries which resulted in his permanent injury and disability, and past, present, and future conscious pain and suffering, as a result of which Plaintiff is entitled to recover a sum to compensate him for his conscious pain and suffering, medical expenses, mental anguish, loss of earning capacity, loss of enjoyment of life, and other damages.  Plaintiff is also entitled to recover a sum of punitive damages to punish and deter this Defendant and others like them from similar conduct in the future.

## FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium)

35.     Plaintiff Cicely A. Bibbs incorporates by reference and re-alleges every allegation in Paragraphs 1 – 34 of this Complaint as if fully set forth herein.

36.     As a direct and proximate result of the negligence, carelessness, gross negligence, recklessness, and departures from the professional standards of care by Defendant as noted above,

Ms. Bibbs, as Mr. Steward's wife, suffered a loss of consortium. She is therefore entitled to an award of damages to compensate her for the loss of the society, comfort, companionship, and support of her husband. In addition, Ms. Bibbs lost income by loss of earnings capacity and via the necessity of providing extraordinary medical care for her husband. She is therefore entitled to an award of damages in an amount determined by a jury at trial.

WHEREFORE, Plaintiffs respectfully pray for judgment against the USA for actual damages and consequential damages in an amount to be determined by a judge at trial, for the costs and disbursements of this action, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MCGOWAN, HOOD & FELDER, LLC**

_s/W. Jones Andrews, Jr._
W. Jones Andrews, Jr. (Federal ID No.: 5797)
McGowan, Hood & Felder, LLC
1517 Hampton Street
Columbia, South Carolina 29201
T: (803) 779-0100
F: (803) 787-0750
jandrews@mcgowanhood.com

Columbia, South Carolina
August 26, 2021